The vexed questions concerning citizenship, domicile, and residence, under the United States constitution, so far as the respective states of the Union are concerned—with respect to which there are many conflicting views in decisions of courts and among commentators—are easy of solution in the light of elemental principles; but congress, as if ex industria, designing to escape that region of dispute, used a legal term about which there is no difficulty, either as to its accurate meaning, or as to the facilities of proof connected with it. The "residence" of the debtor was in Montana during all of the previous ten months, except the last few weeks, and the petition in bankruptcy should have been filed there. Hence this court dismisses the petition for want of jurisdiction.

## Case No. 17,273.

### In re WATSON et al.

[1 Wkly. Notes Cas. 86.]

District Court, E. D. Pennsylvania. Oct. 14, 1874.

BANKRUPTCY—APPLICATION FOR DISCHARGE.

Application for leave to file petition for discharge under the amendatory bankrupt act of June 23, 1874 [18 Stat. 178]. The petitioners were adjudged bankrupt on the 28th of February, 1872. No application for discharge was made until the present motion. The bankrupts had been unable to obtain the assent of a majority in number and value of their creditors, and their assets did not amount to 50 per cent. of their indebtedness.

John A. Burton, for motion, argued: That, under the 29th section of the bankrupt act [of 1867 (14 Stat. 531)], when the application for discharge cannot be made until six months after adjudication, it is not imperative that it should be made within one year, and cited In re Greenfield [Cases Nos. 5,774 and 5,775]; In re Pierson [Case No. 11,154]; In re Vorbeck [Id. 17,002]. That, even where there were no debts or assets, the delay to apply. after the expiration of one year. might be explained by affidavit. In re Canaday [Id. 2,377]; In re Donaldson [Id. 3,982]. 2nd. That the 9th section of the amendatory act of June 23. 1874, applied to all pending cases of involuntary bankruptcy, whether the adjudication had been made more than a year previous to its passage or not, and notwithstanding no application had been made for a discharge, and cited In re King [Case No. 7,781]; In re Griffiths [Id. 5,825]; In re Perkins [Id. 10,983]: Cong. Rec. June 17, 1874, p. 60; Ex parte Lane, 3 Metc. (Mass.) 213; Eastman v. Hillard, 7 Metc. (Mass.) 425.

THE COURT referred the petition to the register for report in regard to all the facts of the case, refusing to allow the petition to be filed till report received, in view of the fact that there was no opposing counsel.

[See Case No. 17,274 and 17,275.]

## Case No. 17,274.

### In re WATSON et al.

[1 Wkly. Notes Cas. 334.]

District Court, E. D. Pennsylvania. March 31, 1875.

BANKRUPTCY — DELAY IN APPLICATION FOR DISCHARGE—PETITION FOR REVISION.

The bankrupts had heretofore applied for their discharge, under the circumstances reported [Case No. 17,273], and their petition was then referred to the register to report the facts. Vide loc. cit.

The register now reported that he was of opinion that the delay in application of bankrupts for their discharge was sufficiently accounted for to warrant the issuance of the usual orders upon such application; that the issuing of such orders could not prejudice the right of any creditor or person interested to object to the discharge on the ground of delay; and that upon the hearing on said orders the question could be more fully and perhaps more appropriately considered.

THE COURT refused to confirm the report of register, and dismissed the application for leave to file petition, but allowed a petition for revision to be filed in the circuit court. See section 2, Bankrupt Act [of 1867 (14 Stat. 517)].

[For subsequent proceedings, see Case No. 17,-275.]

## Case No. 17,275.

### In re WATSON et al.

[1 Law & Eq. Rep. 371;[1] 2 Wkly. Notes Cas. 356.]

Circuit Court, E. D. Pennsylvania. 1876.

PETITION FOR DISCHARGE — LIMIT — CREDITORS — STAY.

Time within which a petition for a discharge may be filed.

Petition for review. The petitioners were adjudged bankrupts in February, 1872. No application for discharge was made until October, 1874. The bankrupts had been unable to obtain the assent of a majority in number and value of their creditors, and their assets did not amount to 50 per cent. of their indebtedness. The district court referred the petition to the register for report in regard to the facts in the case, and refused to allow the petition to be filed until the report was received, as no opposing counsel was present. The register subsequently reported, that he was of the opinion that the delay in the application of the bankrupts for their discharge, was sufficiently

[1] [Reprinted from 1 Law & Eq. Rep. 371, by permission.]